Filed 3/30/22  P. v. Wheatley CA4/2
See dissenting opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078032 |
| v. | (Super.Ct.No. FSB903235) |
| RYAN CHRISTOPHER WHEATLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan Foster, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Ryan Christopher Wheatley appeals from the denial of his petition under Penal Code section 1170.95 (the Petition).  For the reasons forth *post*, we affirm the trial court's order denying the Petition.

1

## STATEMENT OF THE CASE

In 2011, a first amended information charged defendant with murder under Penal Code section 187, subdivision (a) (count 1), and gross vehicular manslaughter while intoxicated under section Penal Code 191.5, subdivision (a) (count 2). As to count 2, the information alleged that defendant had suffered three prior convictions for violating the Vehicle Code as follows: a 2004 conviction for violating Vehicle Code section 23152, subdivision (a); a 2007 conviction for violating Vehicle Code section 23152, subdivision (b); and a 2007 conviction for violating Vehicle code section 23152, subdivision (b).

On October 12, 2011, a jury convicted defendant on both counts 1 and 2. As to count 2, the jury found the special circumstance true that defendant had suffered the following prior convictions: A 2004 conviction for violating Vehicle Code section 23152, subdivision (a); a 2007 conviction for violating Vehicle Code section 23152, subdivision (b); and a 2007 conviction for violating Vehicle code section 23152, subdivision (a).

On November 9, 2011, the trial court sentenced defendant to an indeterminate term of 15 years to life on count 1, and an indeterminate term of 15 years to life on count 2, stayed under Penal Code section 654.

After defendant appealed, on August 19, 2013, in an unpublished opinion, this court modified the judgment "by striking the provisions declaring the truck a nuisance and ordering it sold, designating defendant a habitual traffic offender, and requiring defendant to use an ignition interlock device as a condition of obtaining a restricted

2

license." (*People v. Wheatley* (Aug. 19, 2013, E054975) [nonpub. opn.] at *12 (*Wheatley I*).)

On February 5, 2019, defendant filed the Petition. On May 28, 2019, the trial court granted the People's motion to strike the Petition. The court then issued a written ruling summarily denying the Petition after finding Senate Bill No. 1437 unconstitutional.

After defendant appealed, on June 16, 2020, this court reversed the trial court's order summarily denying the Petition and remanded the case to the trial court for further proceedings. We found Senate Bill No. 1437 to be constitutional. (*People v. Wheatley* (June 16, 2020, E073088) [nonpub. opn.] (*Wheatley II*).)[1]

After this matter was remanded to the trial court, the People filed an informal response to the Petition. The People argued that defendant was ineligible for relief because defendant's conviction was not based on the felony murder rule or the natural and probable consequences doctrine, or that he was the actual killer. The People requested that the court take judicial notice of the superior court file from the underlying case and our opinion in *Wheatley I*.

Defendant filed a "brief in support of *prima facie* showing per Penal Code § 1170.95." In the brief, defendant argued that his record of conviction did not categorically establish as a matter of law that defendant was ineligible for relief, which required the trial court to issue an order to show cause.

---

[1] On our own motion, we take judicial notice of our nonpublished opinions in *Wheatley I* and Wheatley *II*. (Evid. Code, §§ 451, subd. (a), 459.)

3

At a hearing on defendant's petition, both the prosecutor and defense counsel submitted on the briefs. Thereafter, the trial court took the matter under submission.

On November 1, 2021, the trial court issued a written ruling denying the Petition. The trial court found as follows: "Petitioner is not eligible for relief on the grounds that the conviction was not based upon the felony murder rule or the natural probable consequences doctrine and/or he was the 'actual killer'. He has failed to establish a *prima facie* case for relief."

On November 9, 2021, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

"A. The Fatal Accident.

"On August 2, 2009, around 2:30 p.m., defendant was driving a Ford F–150 pickup truck north on Orange Street between Redlands and Highland. He made hand gestures to a nearby car indicating that he wanted to race. He started alternately braking, then revving his engine and speeding up again. Meanwhile, he was swerving— repeatedly drifting to the right, then correcting himself.

"Defendant drifted to the right one last time, so that his two right-side tires were on the dirt shoulder. The truck hit a water stand pipe, about three feet tall, which was located in the shoulder. The truck continued to go relatively straight for nearly 250 feet. It then 'jerked' or 'overcorrected' to the left, going back onto the roadway and over the double yellow line, into oncoming traffic. It collided with a Nissan Sentra driven by Sara Cisneros. She died at the scene.

"Onlookers saw defendant jump into the back seat of the truck.

4

"B.  The Police Investigation.

"When police officers arrived, two or three minutes later, they found defendant sitting in the rear seat on the passenger side.  Brandon Sisson, the owner of the truck, was sitting in the front passenger seat.

"Defendant told the police that a man named 'Brad' had been driving, and after the collision, Brad ran away.  Sisson, however, pointed to defendant, which the police took to mean that defendant had been driving.

"In or near the truck, there were two vodka bottles, several Powerade bottles, and a cranberry drink bottle.  Defendant's eyes were watery and bloodshot.  Samples of defendant's blood taken at 4:02, 4:40, and 5:01 p.m.  showed blood alcohol levels of 0.15, 0.15, and 0.11, respectively.

"Defendant's blood also tested positive for hydrocodone, at a level of 31 nanograms per milliliter; a 'therapeutic' level would be 2 to 24 nanograms per milliliter.[1] In defendant's home, the police found a bottle of prescription hydrocodone.

"A sample of Sisson's blood, taken at 4:25 p.m., had a blood alcohol level of 0.28.

"Before the accident, the truck had been in good working order.  After the accident, the left front tire and the right rear tire were both flat.  The right rear tire had a slice-shaped puncture in the sidewall.  According to an officer with training and experience in postaccident mechanical inspections, the left front tire went flat as a result of the collision.  The right rear tire went flat because the forces to which it was subjected tore it away from the rim; the puncture then occurred because the tire was caught between the rim and the roadway.

5

"C. Defendant's Alcohol Consumption.

"Before the accident, around 1:00 p.m., defendant and Sisson went to the Rotten Oak, a bar in Highland. Sisson drove them there in his truck. On the way, defendant mixed together some vodka, cranberry juice, and Powerade. When they got to the Rotten Oak, they brought in the mixture in Powerade bottles and drank it. They also ordered and drank a pitcher of beer.

"When they left, defendant drove the truck because Sisson had had too much to drink. Sisson fell asleep until he was awakened by the accident.

"D. Defendant's Prior Convictions.

"On July 21, 2004, defendant suffered his first drunk-driving-related conviction. He pleaded guilty. He was placed on probation and ordered to complete a program for first offenders. He took and completed a program offered by the Jackson–Bibby Awareness Group. It included education on the possibility that drinking and driving could result in '[p]eople getting killed[.]'

"On May 11, 2007, defendant suffered his second drunk-driving-related conviction. Again, he pleaded guilty. The plea form included a warning that, if he continued to drive under the influence of alcohol or drugs, and if, as a result, someone was killed, he could be charged with murder.

"On May 18, 2007, defendant suffered his third drunk-driving-related conviction. Once again, he pleaded guilty, and once again, the plea form included a warning about his potential exposure to a murder charge.

6

"On July 16 and August 20, 2007, defendant attended programs sponsored by Mothers Against Drunk Driving (MADD). Both programs included warnings about his potential exposure to a murder charge.

"When the accident occurred, defendant was still on probation, and his license was revoked or suspended." (*Wheatley I*, *supra*, E054975, at *1-2.)

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

(1) "Whether the court in reviewing any part of appellant's record of conviction engaged in improper 'factfinding' involving the weighing of evidence or the exercise of discretion in violation of section 1170.95, subdivision (c)."

(2) "Whether appellant's record of conviction precludes appellant's relief under section 1170.95, subdivision (c) as a matter of law."

(3) "Whether appellant under section 1170.95, subdivision (c) established a prima facie showing for to relief, requiring the court to issue an order to show cause and entitling appellant to an evidentiary hearing under section 1170.95, subdivision (d)."

(4) "Whether the record on appeal establishes that appellant has made a prima facie case for relief under section 1170.95, as amended by Senate Bill No. 775 [citation],

7

requiring appellant's matter be remanded to the superior court for further proceedings consistent with section 1170.95."

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                    J.


I concur:

McKINSTER _____
                    Acting P. J.

8

[*People v. Wheatley*, E078032]

MENETREZ, J., Dissenting.

Because this is an appeal from a postjudgment order, *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal. (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498.) Appointed appellate counsel filed a brief raising no issues, and defendant was given the opportunity to file a personal supplemental brief but declined. The appeal should accordingly be dismissed as abandoned. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129-1130.) Moreover, defendant admitted he was the driver in a vehicular homicide, for which a jury convicted him of murder. His case does not involve the felony murder rule or the natural and probable consequences doctrine, so he is categorically ineligible for relief under Penal Code section 1170.95. Consequently, reading every page of the record to look for reversible error is pointless and benefits no one.

MENETREZ
J.

1